UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FERNANDO ESQUIVEL MURRILLO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>WYCKOFF INN LTD, and ALDO CASCIO, individually,<br><br>Defendant. | **COMPLAINT**<br><br>Civil Action No.:<br><br>Jury Trial Demanded |

FERNANDO ESQUIVEL MURRILLO ("Plaintiff"), on behalf of himself and all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, STEVENSON MARINO LLP, as and for his Complaint against WYCKOFF INN LTD. d/b/a "The Brick House" ("Brick House"), and ALDO CASCIO, individually (collectively, "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New Jersey Wage and Hour Law ("WHL"), N.J.S.A. § 12:56-6.1; and (iii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants as a kitchen helper from June 14, 2022, through February 2024 at Defendants' restaurant located in Wyckoff, New Jersey. As described below, for the duration of his employment, Defendants willfully failed to pay Plaintiff the wages lawfully

1

owed to him under the FLSA and the WHL, as Defendants failed to compensate Plaintiff at the statutorily required overtime rate of pay for any of the hours that Plaintiff worked beyond forty in a workweek.

3. Defendants' failure to pay overtime was not limited to Plaintiff, but also extended to all of Defendant's non-managerial employees.

4. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated non-managerial employees during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff additionally brings his claims under New Jersey law on behalf of himself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

5. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly situated during the applicable WHL limitations period who suffered damages as a result of Defendants' violations of the WHL.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New Jersey and was an "employee" entitled to protection as defined by the FLSA and the WHL.

9. At all relevant times herein, the Brick House was and is a New Jersey corporation with its principal place of business located at 179 Godwin Avenue, Wyckoff, New Jersey 07481.

10. At all relevant times herein, Defendant Cascio was and is the Brick House's Chief Executive Officer and owner. In this role, Defendant Cascio oversaw the Brick House's operations, paid its employees, and had the power to hire and fire and approve all personnel decisions with respect to all of the Brick House's employees, including all kitchen designers. In fact, Defendant Cascio hired Plaintiff, was responsible for paying Plaintiff, and maintained Plaintiff's employment records.

11. At all relevant times herein, the Brick House was and is Plaintiff's "employer" within the meaning of the FLSA and WHL. Additionally, the Brick House's qualifying annual business exceeded and exceeds $500,000.00, for all relevant years, and the Brick House was and is engaged in interstate commerce within the meaning of the FLSA, as the Brick House employs two or more employees, and buys and sells food items, supplies, and equipment in the course of its business, which originate in states other than New Jersey, as well as accepts credit card payments from customers for their purchases, the combination of which subjects Defendants to the FLSA's requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who at any time during the applicable FLSA limitations period, performed any work for Defendants and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully failing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, as well as on behalf of all those who are similarly situated that Defendants subjected to violations of the WHL during the applicable statutory period.

17. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over

    any individual questions of law or fact;

  c. Claims or defenses of the representative are typical of the class;

  d. The representative will fairly and adequately protect the class; and

  e. A class action is superior to other methods of adjudication.

18. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial employees, who during the applicable WHL limitations period, performed any work for the Defendants in New Jersey ("Rule 23 Plaintiffs").

Numerosity

19. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

20. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (5) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (6) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (7) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the WHL; and (10) if so, what constitutes

the proper measure of damages.

## Typicality of Claims and/or Defenses

21. As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as non-managerial employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiff seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New Jersey in excess of forty hours per week, yet Defendants routinely failed and fail to pay them at the rate of time and one-half their respective regular rates of pay. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the WHL to be paid at a rate of one and one-half times their regular rates for all hours worked per week in excess of forty. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the WHL. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

## Adequacy

22. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiff his overtime pay for all of his hours worked over forty each week, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertains to them. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the

treatment alleged herein.

23. Additionally, Plaintiff's counsel has substantial experience in this field of law.

### Superiority

24. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by any non-managerial employee who worked for Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

26. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

### BACKGROUND FACTS

27. The Brick House is a New Jersey corporation that owns and operates a restaurant located at 179 Godwin Avenue, Wyckoff, New Jersey 07481.

28. Defendant Cascio hired Plaintiff to work for Defendants as a kitchen helper on June 14, 2024 and terminated his employment in February 2024.

29. As a kitchen helper, Plaintiff was responsible for preparing and cooking food, and cleaning.

30. Throughout his employment, Plaintiff worked five (5) days per week, commencing his work each day at approximately 11:00 a.m. and working until approximately between 10:00 p.m. and 11:00 p.m. each day, without an uninterrupted meal break. Thus, Plaintiffs worked for Defendants approximately fifty-five (55) to sixty (60) hours per workweek.

31. For his work, Defendant paid Plaintiff $1,000.00 per week, with $500.00 paid by

cash and $500.00 paid by check, intended to cover the first forty hours he worked each workweek. Accordingly, despite that Plaintiff worked over forty hours each workweek, Defendants failed to pay Plaintiff for the hours he worked over forty each week at the statutorily required overtime rate of one and one-half times his regular rate.

32. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

33. Defendants acted in the manner described herein to maximize its profits while minimizing its labor costs and overhead.

34. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

35. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

37. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

38. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

39. Defendants willfully violated the FLSA.

40. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

41. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the WHL*

42. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. N.J.S.A. § 12:56-6.1 requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

44. As described above, Defendants are employers within the meaning of the WHL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the WHL.

45. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the WHL's overtime provisions.

46. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

47. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the WHL's overtime provisions.

**DEMAND FOR A JURY TRIAL**

48. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New Jersey State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the WHL as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages

paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the WHL;

  h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service award to Plaintiff;

  i. Designation of Plaintiff and Plaintiffs' counsel as collective and class action representatives under the FLSA and the FRCP;

  j. Pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
   January 6, 2025

                Respectfully submitted,

                Stevenson Marino LLP
                *Attorneys for Plaintiffs*
                445 Hamilton Avenue, Suite 1500
                White Plains, New York 10601
                (212) 939-7588

         By: _____
             J.R. Stevenson